UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIVONIA PUBLIC SCHOOLS, and
METROPOLITAN ASSOCIATION
FOR IMPROVED SCHOOL
LEGISLATION,

    Plaintiffs/Counter-Defendants,

v.

SELECTIVE INSURANCE
COMPANY OF THE SOUTHEAST,

    Defendant/Counter-Plaintiff.
_____/

Case No. 16-cv-10324

Paul D. Borman
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

## OPINION AND ORDER DENYING PLAINTIFFS' JOINT MOTION SEEKING RELIEF FROM RULE H OF THE CASE MANAGEMENT GUIDELINES

Plaintiffs Livonia Public Schools ("**LPS**") and Metropolitan Association for Improved School Legislation ("**MAISL**") filed this civil action in February of 2016, seeking enforcement of various liability insurance policies against Defendant, to the extent that those policies are implicated by certain underlying state and federal lawsuits filed against Plaintiff LPS and its board, administrators, and employees. (*See* ECF No. 8, Am. Compl.) On December 28, 2016, Plaintiffs LPS and MAISL filed the present Joint Motion Seeking Relief from Rule H of the Case Management Guidelines (ECF No. 22, Pls.' Mot.), through which Plaintiffs request leave to file early partial summary judgment motions. For the reasons discussed below, the Court finds that Plaintiffs have not demonstrated the extraordinary circumstances required for the relief that they seek, and therefore denies the Motion.

Paragraph H of the Scheduling Order entered in this case provides that "[a]bsent extraordinary circumstances communicated to the Court in the form of a motion seeking relief

from this rule, motions for summary judgment should be filed after the close of fact and expert discovery and only one motion for summary judgment may be filed." (ECF No. 19 at 3-4.) Plaintiffs take the position that that rule should be lifted because "several of the key issues in the case are legal, not factual, and others are resolved by unequivocal admissions by [Defendant] in documents it authored and sent to its agents." (Pls.' Mot. at 13.) Plaintiffs identify two specific issues in this litigation which would be appropriate for disposition on early summary judgment motions: the existence of Defendant's duty to defend in one or more of the underlying lawsuits, and the applicability in one or more of the underlying lawsuits of provisions in the insurance policies at issue that limit coverage as to claims involving abuse or molestation.

Under Michigan law, which governs in this diversity action, the existence of an insurer's duty to defend

> depends upon the allegations in the complaint of the third party in his or her action against the insured. This duty is not limited to meritorious suits and may even extend to actions which are groundless, false, or fraudulent, so long as the allegations against the insured even arguably come within the policy coverage. An insurer has a duty to defend, despite theories of liability asserted against any insured which are not covered under the policy, if there are any theories of recovery that fall within the policy.

*Protective Nat. Ins. Co. of Omaha v. City of Woodhaven*, 438 Mich. 154, 159 (1991) (quoting *Detroit Edison Co. v. Michigan Mutual Ins. Co.*, 102 Mich. App. 136, 141-142 (1980)). At the same time, however, the Sixth Circuit interprets Michigan law to have created "no requirement that the court look only at the complaint and no further to determine whether there is a duty to defend." *Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 102 (6th Cir. 1995). This is so, according to the Sixth Circuit, because "Michigan courts have repeatedly held that '[t]he duty to defend cannot be limited by the precise language of the pleadings [in the third party's action]. The insurer has a duty to look behind the third party's allegations to analyze

2

whether coverage is possible.'" *Id.* (quoting *Detroit Edison Co.*, 102 Mich. App. at 142). Thus the inquiry into whether an insurer has a duty to defend in a given case—whether undertaken by the insurer itself, or by a court after the fact—may take into account more than simply the insurance policy and the third-party allegations at issue. Plaintiffs have not shown that this Court's analysis of Defendant's duty to defend could not benefit from information turned up in discovery, and so the "duty to defend" question does not justify a departure from this Court's regular practice of entertaining summary judgment motions only after the close of discovery.

In their other argument for this departure, Plaintiffs contend that in one of the underlying lawsuits in this District, LPS (as a defendant) was granted summary judgment—a decision which was recently affirmed by the Sixth Circuit, and then made final when the Sixth Circuit denied a petition to rehear the case *en banc* in November 2016. (*See* Pls.' Mot., Ex. B, 6th Circuit Court of Appeals Opinion in *Gohl v. Livonia Public Schools, et al.*; Pls.' Mot., Ex. C, Order Denying Petition for *En Banc* Rehearing.) This, Plaintiffs argue, should render inapplicable certain limitations imposed by the policies at issue on coverage for claims involving abuse or molestation, at least as to that underlying lawsuit. But even assuming that the outcome in that lawsuit did in fact make those limitations inapplicable as to that lawsuit—which Plaintiffs have not demonstrated but would presumably show in one of the early partial summary judgment motions they wish to file—it is not obvious what (if any) effect this would have on the applicability of the same policy to expenses related to the other underlying lawsuits. The best that could therefore be said of an early summary judgment motion on these grounds is that it might resolve one of the existing issues with regard to one of the underlying lawsuits. Plaintiffs have not shown that the extraordinary circumstances required to justify this sort of piecemeal disposition of issues exist in this case.

One or both of the issues raised by Plaintiffs in the present Motion might well present pure questions of law in the final analysis. But the resolution of pure questions of law is what summary judgment is designed for, and the presence of such questions in a case does not itself constitute special circumstances as would justify the filing of premature summary judgment motions. If Defendant has been improperly evading a duty to defend, incorrectly limiting coverage on the basis of the "abuse and molestation" provisions in the relevant policies, or (as Plaintiffs seem to suggest) engaging in bad-faith delay tactics through these or other actions, these are issues that Plaintiffs can address through this Court's standard procedures by moving for summary judgment after the close of discovery.

The Court therefore DENIES Plaintiffs' Motion for Relief from Rule H of the Case Management Guidelines.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: March 6, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 6, 2017.

s/D. Tofil
Deborah Tofil, Case Manager