**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LIVONIA PUBLIC SCHOOLS and**
**METROPOLITAN ASSOCIATION**
**FOR IMPROVED SCHOOL**
**LEGISLATION,**

      **Plaintiffs/Counter-Defendants,**

**vs.**

**SELECTIVE INSURANCE COMPANY**
**OF THE SOUTHEAST,**

      **Defendant/Counter-Plaintiff.**

**Case No.: 16-cv-10324**

**Hon. Paul D. Borman**

**Magistrate Judge**
**Stephanie Dawkins Davis**

---

**JOINT MOTION TO COMPEL THE DEPOSITION OF DAVID HAHN**

---

NOW COME Plaintiffs, LIVONIA PUBLIC SCHOOLS ("LPS") and METROPOLITAN ASSOCIATION FOR IMPROVED SCHOOL LEGISLATION ("MAISL"), by and through their attorneys, and for their Joint Motion to Compel the Deposition of David Hahn, state as follows:

1.    LPS and MAISL brought the instant insurance coverage litigation in order to enforce the duties and obligations owed by Selective Insurance Company of the Southeast, Inc. ("Selective") to LPS and MAISL under the insurance contracts at issue as they relate to certain underlying lawsuits filed against LPS and its board, administrators and employees, including, but not

limited to, the duty to defend and indemnify LPS and MAISL for the claims and allegations in the underlying lawsuits.

2.      As discussed more fully in LPS's and MAISL's previously filed Motion to Compel Discovery [Dkt. 31], LPS and MAISL attempted to schedule and take the depositions of four current and former employees of Defendant/Counter-Plaintiff Selective Insurance Company of the Southeast ("Selective"), Inc. – William Van Velhuisen, Cathy Graeber, James Lapp, and Brian Dilger (the "Requested Deponents") – beginning on December 30, 2016, but were stymied in those efforts by Selective's filing of a baseless Motion for Stay on January 11, 2017.

3.      After filing its Motion for Stay, Selective refused to produce any the Requested Deponents for depositions.

4.      When LPS and MAISL issued notices on February 7, 2017 for the depositions of BethAnne Curtis and Beverly Johns, Selective objected to the taking of any depositions until after the Court decided Selective's Motion for Stay, and on February 17, 2017 Selective filed its Motion for Protective Order.

5.      The Court's Civil Case Management and Scheduling Order set February 28, 2017 as the deadline by which fact discovery must be completed.  [Dkt. 19]

6.     On April 19, 2017, the Court heard oral argument on Selective's Motion for Stay, and denied that Motion for the reasons stated on the record, most notably the absence of a pressing need for delay.  [Dkt. 45]

7.     The Court also heard oral argument that same day on LPS's and MAISL's Joint Motion to Compel Depositions, and granted that Motion, holding, in part, that the scheduling order is modified to the effect that the deposition deadline for witnesses who were the subjects of LPS's and MAISL's Joint Motion to Compel [Dkt. 31] and any expert(s) is May 31, 2017.[1] [Dkt. 45]

8.     Thereafter, LPS and MAISL attempted to obtain dates for the depositions of the six witnesses sought from Selective; however, due to scheduling problems on the part of Selective and the witnesses, including medical issues with family members of two of the witnesses, the depositions could not be completed by the May 31, 2017 deadline.

9.     Ultimately, Brian Dilger's deposition was taken on May 18, 2017; LPS, MAISL and Selective resolved the depositions of James Lapp and William Van Veldhuisen by stipulating to the authenticity and admissibility of

---

[1] The Court on April 19, 2017 also denied Selective's Motion for a Protective Order as moot.  [Dkt. 45]

documents associated with Messrs. Lapp and Van Veldhuisen on May 23, 2017; and Beverly Johns' deposition was taken on June 13, 2017.[2]

10.   On March 31, 2017, Selective designated David Hahn "as a potential rebuttal expert" and in doing so said "Mr. Hahn may provide testimony with respect to the reasonableness of defense costs incurred in the underlying Gohl, Telerico and Doe litigation".  (**Exhibit A**.)  Significantly, the Rule 26(a)(2) Expert Disclosure by Selective does not include Mr. Hahn's opinions, qualifications, background, or his job duties and responsibilities as an employee of Selective.

11.   Discussions were held between counsel for the parties regarding available dates for the deposition of Mr. Hahn, and June 1, 2017 was discussed as a possible date, depending on the availability of Beverly Johns for her deposition.  Ultimately, the deposition of Mr. Hahn did not proceed because on June 8, 2017 LPS, MAISL, and Selective reached agreement on a Stipulated Order by which, in part, Selective agreed that all of the defense costs incurred in the defense of the underlying *Gohl*, *Telerico* and *Doe* litigations (the "Underlying Litigation") were reasonable and necessary, and in which LPS and MAISL reserved the right to depose David Hahn as a fact

---

[2] The depositions of Cathy Graeber and Bethanne Curtis have not yet been taken.

witness if necessary following the completion of depositions from other Selective employees.  [Dkt. 50]

12.     During the deposition of Ms. Johns on June 13, 2017, it became known to LPS and MAISL for the first time that, in June 2015, Selective split the claim handling for the Underlying Litigation and the insurance coverage issues between Ms. Johns and another claim representative, and as it turns out, that other claim representative is David Hahn.

13.     Further, during her deposition, Ms. Johns testified she did not approve for issuance the June 12, 2015 coverage position letter issued by Selective's insurance coverage counsel, and that she had never before seen the July 17, 2015 and October 21, 2015 coverage position letters issued by Selective's coverage counsel.

14.     Immediately after the completion of Ms. Johns' deposition, on June 13, 2017, LPS and MAISL requested the deposition of Mr. Hahn.

15.     On June 18, 2017, Selective's counsel advised that Selective objects to and will not voluntarily produce Mr. Hahn for deposition because, according to Selective, LPS and MAISL did not timely request his deposition. (**Exhibit B**.)

16.     LPS and MAISL requested to meet with counsel for Selective to confer over the requested deposition of Mr. Hahn and their Motion to Compel

his deposition, and that conference was held, pursuant to Local Rule 7.1, on June 20, 2017, with counsel for Selective agreeing at the conclusion of the conference to discuss the issue further with Selective.

17.    However, on June 23, 2017, counsel for Selective advised that Selective continues to refuse to voluntarily produce Mr. Hahn for a deposition.  (**Exhibit C**.)

18.    This Motion to Compel Discovery is brought pursuant to Federal Rule of Civil Procedure 29, and Local Rules 37.1 and 37.2, and seeks to compel the deposition of David Hahn for the reasons set forth herein and in the attached Brief in Support of this Motion.

19.    In accordance with Local Rules 7.1(a)(1) and 7.1(a)(2)(A), counsel for LPS and MAISL sought concurrence in this Motion from counsel for Selective via e-mail on June 16, 2017, and a conference was held on June 20, 2017 during which LPS and MAISL fully explained the nature of the Motion, its legal basis, and the relief sought to counsel for Selective.  On June 23, 2017, counsel for Selective advised that Selective is unwilling to voluntarily produce Mr. Hahn for a deposition, necessitating this Motion.  (**Exhibit C**.)

**WHEREFORE**, Plaintiffs LPS and MAISL respectfully request that this Honorable Court grant their Joint Motion to Compel the Deposition of David

Hahn, and order that the deposition of Mr. Hahn be taken as soon as practicable.

Respectfully submitted,

**WILSON YOUNG PLC**

By: /s/ James D. Wilson
James D. Wilson (P41338)
Attorneys for Livonia Public Schools
Two Towne Square, Suite 901
Southfield, MI  48076
(313) 983-1234
jwilson@wilsonyoungplc.com

**DYKEMA GOSSETT PLLC**

By:/s/ Kathryn J. Humphrey
Attorneys for Metropolitan Association
for Improved School Legislation
Kathryn J. Humphrey (P32351)
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI 48243
(313) 568-6848
khumphrey@dykema.com

Daniel J. Zollner (6180570)
Counsel for Metropolitan Association for
Improved School Legislation
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Telephone: (312) 627-2193
dzollner@dykema.com

Date: July 12, 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 12, 2017, I caused the foregoing **MOTION TO COMPEL THE DEPOSITION OF DAVID HAHN, BRIEF IN SUPPORT, AND CERTIFICATE OF SERVICE** to be electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

_/s/_ James D. Wilson
James D. Wilson (P41338)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LIVONIA PUBLIC SCHOOLS and**
**METROPOLITAN ASSOCIATION**
**FOR IMPROVED SCHOOL**
**LEGISLATION,**

      **Plaintiffs/Counter-Defendants,**

**vs.**

**SELECTIVE INSURANCE COMPANY**
**OF THE SOUTHEAST,**

      **Defendant/Counter-Plaintiff.**

**Case No.: 16-cv-10324**

**Hon. Paul D. Borman**

**Magistrate Judge**
**Stephanie Dawkins Davis**

---

**BRIEF IN SUPPORT OF JOINT MOTION TO COMPEL DEPOSITION OF**
**DAVID HAHN**

---

## <u>TABLE OF CONTENTS</u>

I.    **OVERVIEW OF THIS INSURANCE COVERAGE LITIGATION**   1

II.   **EFFORTS TO OBTAIN THE DEPOSITION OF DAVID HAHN**   4

III.  **INCONGRUITY OF SELECTIVE'S POSITION**   7

IV.  **RULE 29 AND COURT'S DISCRETION**   9

V.    **CONCLUSION**   11

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Drews v. American Airlines, Inc.*,
    68 F. Supp. 734 (E.D. MI 2014)     10

*Marie v. American Red Cross,*
    771 F.3d 344 (6th Cir. 2014)     10

*Wolotsky v. Huhn*,
    960 F.2d 1331 (6th Cir. 1992)     10

**<u>Court Rules</u>**

Fed.R.Civ.P. 29(a)     9

## <u>STATEMENT OF ISSUE PRESENTED</u>

This Court should grant this Motion to Compel the Deposition of David Hahn because: (1) his deposition was timely requested and is relevant to the remaining issues pending before this Court; (2) but for Selective's refusal to allow discovery to proceed in this matter until after its Motion for Stay was resolved the need for the deposition of Mr. Hahn would have been known by LPS and MAISL prior to February 28, 2017; (3) Mr. Hahn was Selective's designated rebuttal expert on the reasonableness of defense costs incurred in the Underlying Litigation, and as such his deposition was compelled by the Court when it issued its Order on April 19, 2017 modifying the Scheduling Order [Dkt. 45]; and (4) LPS's and MAISL's ability to depose David Hahn as a fact witness if still needed following the deposition of Beverly Johns was part of the consideration from Selective for LPS's and MAISL's agreement to the stipulation on the reasonableness and necessity of the defense costs incurred in the Underlying Litigation and withdrawal by the parties of their expert designations and expert deposition notices (including the notice for David Hahn).

## <u>CONTROLLING AUTHORITIES</u>

- Federal Rules of Civil Procedure 29;

- *Marie v. American Red Cross*, 771 F.3d 344 (6th Cir. 2014); and

- *Drews v. American Airlines, Inc.*, 68 F. Supp. 734 (E.D. MI 2014)

## I.    <u>OVERVIEW OF THIS INSURANCE COVERAGE LITIGATION</u>

LPS and MAISL tendered the defense to Selective of three lawsuits (the "Underlying Lawsuits") filed against LPS and certain of its board members, administrators and employees (the "LPS Defendants") alleging claims for alleged bodily injury or alleged corporal punishment covered by insurance policies purchased from Selective.  The implicated insurance policies are: General Liability Coverage Part of Business Package Policy No. S1323571, effective July 1, 2011 to July 1, 2012 ("CGL"); School Board Legal Liability Policy No. S1317853, effective July 1, 2012 to July 1, 2013 ("SBLL"); and Commercial Umbrella Policy Nos. S1317854, effective July 1, 2011 to July 1, 2012, and S1317854, effective July 1, 2012 to July 1, 2013 ("Umbrella Liability") (collectively, the "Policies").

Selective originally agreed that the Underlying Lawsuits involved claims for alleged bodily injury and alleged corporal punishment that are covered to the full extent of the General Liability and Commercial Umbrella Policies, but, two years later, abruptly changed its position to assert that the Underlying Lawsuits involved claims for "abuse or molestation" that had much more limited coverage and for which coverage was available only under the General Liability Policy.  As more fully set forth in the Amended Complaint, Selective has refused to defend or indemnify LPS for the

1

Underlying Lawsuits under the School Board Legal Liability ("SBLL") and Commercial Umbrella ("Umbrella") Policies, and reserved its rights and agreed to provide only a limited defense of LPS and the LPS Defendants under the General Liability Policies.  Specifically, Selective asserts that nine $500,000 self-insured retentions must be exhausted under concurrent 2010-2011 CGL and 2011-2012 CGL Policies before coverage is triggered under the CGL Policies, that there is then only a single $1 million per occurrence/$1 million aggregate limit available under each of the two CGL Policies, and that this $1 million is nevertheless eroded by defense expenses.  None of these positions is supported by the provisions of the Policies, the allegations in the underlying complaints or the facts.

Selective originally asserted that there were only two $500,000 self-insured retentions (one occurrence over two policy periods) and that the $20 million Umbrella attached excess of these two policies.  LPS and MAISL assert that Selective's original coverage position was correct; except that there should only have been one SIR applicable only to the 2011-2012 policy year because that is the only year in which alleged bodily injury or allege corporal punishment occurred.   LPS and MAISL also assert that the $1 million per occurrence limit in the CGL policy applies and is not eroded by defense expenses, and that both the Commercial Umbrella and SBLL

Policies are also implicated by the claims and allegations of the Underlying Lawsuits.

The three Underlying Lawsuits are still pending and are still being defended by MAISL and LPS. With the ongoing payment of defense expenses, the self-insured retention (whether one SIR or two SIRs) has been exhausted. Moreover, MAISL has exhausted its $3.6 million aggregate self-insured retention ("Loss Fund") for 2011-2012. Therefore, MAISL and LPS contend that Selective should be reimbursing them on an ongoing basis under the 2011-2012 CGL Policy for defense expenses currently being incurred by LPS and the LPS Defendants in the three Underlying Lawsuits. Moreover, on September 8, 2016, the Sixth Circuit Court of Appeals issued its decision affirming the grant of summary judgment in favor of LPS and the LPS Defendants by Judge Mark J. Goldsmith in one of the underlying suits, *Gohl v. LPS, et al.*[1]

## II.   PROCEDURAL HISTORY OF DEPOSITION DISCOVERY IN THIS CASE

On December 30, 2016, LPS and MAISL noticed the depositions of William Van Veldhuisen, Selective's former Self Insured Group Manager;

---

[1] The Sixth Circuit denied plaintiffs' petition for rehearing *en banc* on November 15, 2016, and Plaintiff filed a Petition for Certiorari to the United States Supreme Court, which has not been acted upon.

Cathy Graeber, Selective's former Underwriter on one or more of the Policies; James Lapp, Selective's former assigned Professional Liability Technical Claims Specialist; and Brian Dilger, Selective's then-Self Insured Group Claims Technical Specialist.   Selective did not cooperate in scheduling those depositions; instead, on January 11, 2017, Selective filed a Motion to Stay this litigation.

On February 7, 2017, LPS and MAISL noticed the depositions of BethAnne Curtis and Beverly Johns.   In response, again rather than cooperate in scheduling the requested depositions, Selective filed a Motion for Protective Order and stated that it would not produce any of the six requested witnesses for depositions, if at all, until its Motion for Stay was decided.  Pursuant to the Court's Case Management and Scheduling Order [Dkt. 19], fact discovery closed in this matter on February 28, 2017.   In essence, without basis, Selective refused to allow LPS and MAISL to take depositions in this case during the period within which fact discovery was open.  Moreover, when, on April 11, 2017, LPS and MAISL issued a notice *duces tecum* for the deposition of Selective's then-rebuttal expert designee, David Hahn, Selective also failed to respond to that notice prior to the close of expert discovery on April 30, 2017.

4

By doing so, Selective eliminated the opportunity for LPS and MAISL to learn: (1) the identity of the individuals involved in handling the Underlying Litigation and the coverage issues on behalf of Selective; (2) the roles played by those individuals; (3) the reasons for the change in Selective's coverage position from what it was prior to April 2015, to what it was revised to several times thereafter; and (4) information through the course of discovery and to build upon that information with succeeding depositions.  Instead, LPS and MAISL were prevented from taking any depositions from Selective's current and former employees prior to this Court's April 19, 2017 Order denying Selective's Motion for Stay.  [Dkt. 45]  It was necessary for LPS and MAISL to file a Joint Motion to Compel Depositions, which, was also decided on April 19, 2017, and granted.

Of the seven depositions noticed by LPS and MAISL while fact and expert discovery were open, and subject to this Court's granting of LPS and MAISL's Joint Motion to Compel Depositions, LPS and MAISL have been judicious and taken only two depositions – Brian Dilger (May 18, 2017) and Beverly Johns (June 13, 2017).  LPS, MAISL, and Selective were able to resolve and substitute the depositions of James Lapp and William Van Veldhuisen for a stipulated order as to authenticity and admissibility of certain documents authored by or associated with those two witnesses [Dkt. 50].  As

to the deposition of David Hahn, LPS and MAISL did not proceed with this deposition in light of Selective's stipulation to the reasonableness and necessity of the defense costs incurred in the Underlying Litigation, and the consideration given in exchange for that stipulation which included LPS's and MAISL's ability to take the fact deposition of Mr. Hahn, if necessary following the deposition of Beverly Johns. (**Exhibit D**.) Specifically, as consideration for that stipulation, LPS and MAISL reserved the right to depose David Hahn as a fact witness if Beverly Johns implicated him in her later scheduled deposition as the decision-maker on the coverage issues.

During the deposition of Beverly Johns on June 13, 2017, LPS and MAISL learned for the first time, that in June 2015, Selective split the claim handling for the Underlying Litigation from the claim handling of the insurance coverage issues, and assigned the claim handling for the insurance coverage issues to none other than David Hahn. Further, Ms. Johns testified that she did not approve the revised reservations of rights letter issued by Selective on June 12, 2015, July 17, 2015 and October 21, 2015, and that she did not know who at Selective approved those letters. Following Ms. John's deposition, that same day, LPS and MAISL requested that the deposition of Mr. Hahn be scheduled, but Selective refused to do so claiming the request for Mr. Hahn's deposition was not timely. (**Exhibit B**.)

Even after LPS and MAISL explained the basis for their request and the nature of this Motion to Selective's counsel during the "meet and confer" conference held prior filing this Motion, Selective still refused to present Mr. Hahn for a deposition, necessitating the filing of this Motion to Compel that deposition.  (**Exhibit C**.)

## III.   <u>INCONGRUITY OF SELECTIVE'S POSITION</u>

Selective effectively hi-jacked the deposition discovery process in this case with its ill-conceived Motion for Stay, and now says, "Gotcha" when LPS and MAISL learned during the course of one of the court-ordered depositions information not previously possessed by them which leads to the need to depose David Hahn.  Moreover, Mr. Hahn is not simply an additional person who LPS and MAISL seek to depose in order to have full discovery on the claim handling process by Selective, but, rather, is one of the individuals previously noticed for deposition by LPS and Selective, albeit for an "expert" deposition, whereas now LPS and MAISL seek his deposition as a fact witness, and for whom LPS and MAISL reserved the right to depose as a fact witness if implicated by and still needed following the deposition of Beverly Johns.

Selective's position is that LPS and MAISL did not request David Hahn's deposition as a fact witness during the course of fact discovery, and

therefore they are precluded from doing so now.   However, Selective's objections are without merit because:

    a. If LPS and MAISL had noticed his deposition during fact discovery, Selective would not have allowed the deposition to proceed until after its Motion for Stay was denied;

    b. LPS and MAISL did not learn the role played by Mr. Hahn in the claim handling process until after the close of fact discovery because Selective would not allow Beverly Johns to be deposed until after its Motion for Stay was denied, and therefore Selective prevented LPS and MAISL from conducting discovery in the normal manner in this case;

    c.  LPS and MAISL noticed the deposition of Mr. Hahn on April 11, 2017 while expert discovery was open in light of his designation as a rebuttal expert by Selective, and therefore his deposition is one of the depositions included in the Court's Order granting the Motion to Compel Depositions and modifying scheduling order;

    d. LPS and MAISL have taken only two of the seven depositions ordered by the Court; and

    e. On May 19, 2017, in accepting Selective's offer that the defense costs incurred as of that date were reasonable and agreeing that all

parties will withdraw their expert witness and any corresponding deposition notices,  LPS and MAISL reserved the right to depose David Hahn as a fact witness, if, after completion of the depositions of other Selective witnesses, LPS and MAISL had not learned the identity of the decision-maker or person who approved issuance of the revised reservation of rights letters issued in April 2015 and thereafter.  (**Exhibit D**.)

Selective's position in refusing to produce David Hahn for a deposition as a fact witness is both untenable and without basis in the facts.  No basis exists for Selective's position, and if it stands by this position it endangers the agreement reached by the parties regarding the reasonableness of defense costs incurred to date in the Underlying Litigation.

## IV.   RULE 29 AND COURT'S DISCRETION

Fed. R. Civ. P. 29 provides in relevant part that:

Unless the court orders otherwise, the parties may stipulate that:

(a) A deposition may be taken before any person, at any time or place, on any notice, and in the manner specified – in which event it may be used in the same way as any other deposition;

* * *[2]

---

[2] The Advisory Committee Notes to the 1993 Amendment provides, in part, "This rule is revised to give greater opportunity for litigants to agree upon modification to the procedures governing discovery or to limitations upon discovery.  Counsel are

Rule 29 should be construed to secure the just, speedy, and inexpensive determination of actions. *Babcock & Wilcox Co. v. North Carolina Pulp Co.*, (25 F. Supp. 596, 597 (D. Del. 1938). If the parties desire to be relieved of such constraints as these rules impose and so stipulate in writing, depositions may be taken before any person at any time or place upon any notice and in any manner; otherwise, depositions must be taken only in accordance with these rules. *Spaeth v. Warner Bros. Pictures*, 1 F.R.D. 729, 730 (S.D. N.Y. 1941). Selective opposed the taking of the seven noticed deposition on the grounds that the witnesses were located in several other states, and the depositions would be expensive and time consuming. By stipulating as to exhibits and testimony and by withdrawing two notices, LPS and MAISL are attempting to be both economical and efficient in the taking of depositions in this case. As such, they tried to gain the information needed from Beverly Johns before requesting the fact deposition of David Hahn. However, Ms. Johns was unable to testify regarding coverage position letters issued by Selective through its counsel after April 15, 2015 because she said that she was no longer involved with the coverage issues

---

encouraged to agree on less expensive and time-consuming methods to obtain information, as through voluntary exchange of documents, use of interview in lieu of depositions, etc."

and the coverage issues were reassigned to David Hahn instead..  LPS and MAISL specifically reserved the right to take Mr. Hahn's deposition as a fact witness if necessary as part of the consideration for the stipulation regarding the reasonableness and necessity of defense costs incurred with regard to the Underlying Litigation, and that necessity arose when Beverly Johns implicated David Hahn as the decision-maker during her deposition.

Moreover, as stated by numerous courts, including *Marie v. American Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014), district courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets.  *See also*, *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992) (court denied request for the taking of further discovery); and *Drews v. American Airlines, Inc.*, 68 F. Supp. 734, 744 (E. D. MI 2014) (court reopened discovery to allow the taking of two new experts' depositions).

LPS and MAISL have complied with all of their duties in noticing the deposition of David Hahn, including by reserving the right to take his deposition as a fact witness if necessary following the deposition of Beverly Johns, as well as in seeking concurrence from counsel for Selective in this Motion under Local Rule 7.1.

11

## V.    <u>CONCLUSION</u>

LPS and MAISL seek to compel the deposition of David Hahn because his testimony is relevant to the coverage issues before this Court.  They timely noticed him for an expert deposition, and his deposition was compelled by this Court as part of its April 19, 2017 granting of LPS's and MAISL's Joint Motion to Compel Depositions.  Counsel for Selective, as part of the consideration for LPS's and MAISL's agreement to withdraw expert designations on the reasonableness of defense costs and notices of expert depositions, agreed that LPS and MAISL could take Mr. Hahn's deposition as a fact witness if still needed upon completion of the deposition of Beverly Johns.  The stipulation with Selective in this regard is enforceable, and Selective should be compelled to honor the consideration granted for that stipulation.  LPS and MAISL request that the Court compel the deposition of Mr. Hahn to be taken as soon as practicable.

**WHEREFORE**, Plaintiffs LPS and MAISL respectfully request that this Honorable Court grant their Joint Motion to Compel the Deposition of David Hahn.

12

Respectfully submitted,

**WILSON YOUNG PLC**

/s/James D. Wilson
James D. Wilson (P41338)
Attorneys for Livonia Public Schools
Two Towne Square, Suite 901
Southfield, MI  48076
(313) 983-1234
jwilson@wilsonyoungplc.com

**DYKEMA GOSSETT PLLC**

/s/ Kathryn J. Humphrey
Attorneys for Metropolitan Association
for Improved School Legislation
Kathryn J. Humphrey (P32351)
400 Renaissance Center
Detroit, MI 48243
(313) 568-6848
khumphrey@dykema.com

Daniel J. Zollner (6180570)
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 627-2193
Date:  July 11, 2017          dzollner@dykema.com

13